MITCHELL D. GLINER, ESQ.
Nevada Bar #003419
3017 W. Charleston Blvd., #95
Las Vegas, NV  89102
(702) 870-8700
(702) 870-0034 Fax
mgliner@glinerlaw.com
Attorney for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JAMES FLEXON ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. |
| vs. ) | |
| ) | |
| FRANKLIN COLLECTION SERVICE, INC., ) | |
| a Foreign Corporation ) | |
| ) | JURY DEMANDED |
| Defendants. ) | |

COMPLAINT

JURISDICTION

1.      The jurisdiction of this Court attains pursuant to the FDCPA, 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331, 28 U.S.C. § 1332, and the doctrine of supplemental jurisdiction. Venue lies in the Southern Division of the Judicial District of Nevada as Plaintiff's claims arose from acts of the Defendant(s) perpetrated therein.

PRELIMINARY STATEMENT

2.      This action is instituted in accordance with and to remedy Defendant's violations of the Federal Fair Debt Collection Practices Act, 15 U.S.C § 1692 et seq. (hereinafter "FDCPA"), and of related state law obligations brought as supplemental claims hereto.

3.      In 2019, Defendant initiated a campaign of abusive, unfair, unreasonable, and unlawful debt collection activity directed against Plaintiff in Las Vegas, Nevada.

4.     As a result of these and other violations of law, Plaintiff seeks hereby to recover actual and statutory damages together with reasonable attorney's fees and costs.

## PARTIES

5.     Plaintiff, James Flexon, is a natural person who resides in Las Vegas, Nevada, and is a "consumer" as defined by 15 U.S.C. Section 1692a(3) and allegedly owes a "debt" as defined by 15 U.S.C. Section 1692a(5).

6.     Defendant, Franklin Collection Service, Inc., is a foreign corporation, the principal purpose of whose business is the collection of debts, operating a debt collection agency from its principal place of business in Tupelo, MS, and regularly collects or attempts to collect debts owed or due or asserted to be owed or due another, and is a "debt collector" as defined by 15 U.S.C. Section 1692a(6).

## FACTUAL ALLEGATIONS

7.     Plaintiff(s) repeat, reallege and assert all factual allegations contained in the preliminary statement to this Complaint and reassert them as incorporated in full herein.

8.     Plaintiff is seventy-four (74), a former Minister and ill.

9.     Plaintiff's wife, Ellen, is severely ill.

10.    Plaintiff *does not* owe the alleged AT&T debt underlying this action.

11.    During October, 2017 Plaintiff received a sales call from the Philippines on behalf of AT&T.

12.    Plaintiff was advised he and Ellen could purchase two (2) iPhone 10s and receive two (2) free iPhone 8s.

13.    Plaintiff was further advised he could sell the iPhone 8s to pay for one of the iPhone 10s and the remaining iPhone 10 would be essentially free.

14. However, upon receipt of the phones, Ellen contacted AT&T and was then advised they could not sell the 8s.

15. Plaintiff and Ellen were advised to go that day to a local AT&T store to facilitate return of the phones.

16. Plaintiff spoke with *Jesus* at the local AT&T retail store who, in turn, called AT&T and advised Plaintiff and Ellen they would soon receive boxes and shipping labels to return all phones.

17. Plaintiff received the boxes/labels for the two (2) 8s and returned them on or about November 22, 2017.

18. Plaintiff then received boxes/labels for the two (2) 10s.

19. The 10s were returned approximately December 30, 2017.

20. Plaintiff and Ellen were told they would owe nothing further.

21. AT&T acknowledged receipt of all of the iphones.

22. However, on March 7, 2019 Defendant dunned Plaintiff for $1,021.51 for one of the 10s which had been returned (Exhibit 1).

23. Defendant's dun corresponds to the ostensible "Balance of Installment Plan" reflected in Plaintiff's February 28, 2018 AT&T bill (Exhibit 2).

24. Exhibit 2 reflects a remaining bill of $899.97 plus attendant fees for one of the returned 10s.

25. At the same time, Exhibit 2 incongruously reflects a zero (0) balance remaining after the current installment.

26. During May, 2018 AT&T previously assigned this same invalid account to debt collector Sunrise Credit Services, Inc. of Farmingdale, New York.

27. During July, 2018 Plaintiff and SCS amicably resolved Plaintiff's FDCPA claim.

28. While Plaintiff's prior FDCPA claim against SCS was pending, SCS informed AT&T of the invalid status of the account.

29. Notwithstanding, AT&T impassively assigned the account to Defendant.

30. Defendant took no *preventive measures* to preclude its errors. Turner v. J.V.D.B. & Associates, Inc., 330 F.3d 991, 995-96 (7th Cir. 2003). Bell v. Northland Group, 2018 WL 1792368 (E.D. Michigan 2018).

31. Defendant's attempt to collect on an invalid debt was in violation of both FDCPA §§ 1692e(2)(A) and (10) and FDCPA § 1692f. Kimber v. Federal Financial Corp., 668 F. Supp. 1480, 1487-89 (M.D. Ala. 1987).

32. Defendant's assertion the account was due and owing was a material misrepresentation made in violation of FDCPA §1692e. Tourgeman v. Collins Financial Services, Inc., 755 F.3d 1109, 1121 (9th Cir. 2014).

33. Plaintiff has suffered meaningful emotional distress including, but not limited to, excessive worry, frustration, sleeplessness, anger, humiliation, embarrassment, chagrin and other mental anguish as a direct result of Defendant's conduct. McCollough v. Johnson, Rodenburg & Lauinger, LLC, 637 F.3d 939, 957 (9th Cir. 2011).

34. The foregoing acts and omissions of Defendant were undertaken by it willfully, maliciously, and intentionally, knowingly, and/or in gross or reckless disregard of the rights of Plaintiff.

35. Indeed, the foregoing acts and omissions of Defendant were undertaken by it indiscriminately and persistently, as part of its regular and routine debt collection efforts, and without regard to or consideration of the identity or rights of Plaintiff.

36. As a proximate result of the foregoing acts and omissions of Defendant, Plaintiff has suffered actual damages and injury, including, but not limited to, stress, humiliation, mental anguish and suffering, and emotional distress, for which Plaintiff should be compensated in an amount to be proven at trial.

37. As a result of the foregoing acts and omissions of Defendant, and in order to punish Defendant for its outrageous and malicious conduct, as well as to deter it from committing similar acts in the future as part of its debt collection efforts, Plaintiff is entitled to recover punitive damages in an amount to be proven at trial.

## CAUSES OF ACTION

### COUNT I

38. The foregoing acts and omissions of Defendant constitute violations of the FDCPA, including, but not limited to, Sections 1692c, 1692d and 1692e.

39. Plaintiff is entitled to recover statutory damages, actual damages, reasonable attorney's fees, and costs.

### COUNT II

40. The foregoing acts and omissions constitute unreasonable debt collection practices in violation of the doctrine of Invasion of Privacy. <u>Kuhn v. Account Control Technology, Inc.</u>, 865 F. Supp. 1443, 1448-49 (D. Nev. 1994); <u>Pittman v. J. J. Mac Intyre Co. of Nevada, Inc.</u>, 969 F. Supp. 609, 613-14 (D. of Nev. 1997).

41. Plaintiff is entitled to recover actual damages as well as punitive damages in an amount to be proven at trial.

### JURY DEMANDED

Plaintiff hereby demands trial by a jury on all issues so triable.

WHEREFORE, Plaintiff prays that this Honorable Court grant the following relief:

1. Award actual damages.
2. Award punitive damages.
3. Award statutory damages of $1,000 pursuant to 15 U.S.C. § 1692k.
4. Award reasonable attorney fees.
5. Award costs.
6. Grant such other and further relief as it deems just and proper.

MITCHELL D. GLINER, ESQ.
Nevada Bar #003419
3017 W. Charleston Blvd. #95
Las Vegas, Nevada 89102
Attorney for Plaintiff

THE COLLECTION FIRM
OF
FRANKLIN COLLECTION SERVICE, INC
PO BOX 3910
TUPELO, MS 38803-3910

TOLL FREE: (888) 215-8961

FCSI
P.O. BOX 3910
TUPELO MS 38803-3910

Form UA-01

NOTICE DATE: MARCH 07, 2019

WWW.FRANKLINSERVICE.COM
Make checks payable to Franklin Collection Service, Inc.

JAMES FLEXON

8245 RODEO DR
LAS VEGAS NV 89123-4315

| OWED TO: | AT&T |
|---|---|
| FCSI CASE #: | 032320615 |
| CLIENT ACCOUNT NUMBER: | 146688185 |
| CHARGE FOR SERVICE: | $1,021.51 |
| CLIENT PROVIDED EQUIPMENT CHARGE: | $0.00 |
| TOTAL DUE THIS ACCOUNT: | 1021.51 |

DETACH AND RETURN TOP PORTION WITH YOUR PAYMENT.

THIS ACCOUNT HAS BEEN PLACED WITH OUR OFFICE FOR COLLECTION. YOU HAVE AN OUTSTANDING BALANCE OF 1021.51 OWED TO AT&T. IN AN EFFORT TO HELP YOU RESOLVE THIS MATTER WE AGREE TO OFFER YOU A SETTLEMENT OF $715.06. TO ACCEPT THIS OFFER PLEASE SEND PAYMENT OF $715.06. IF YOU ARE NOT PAYING THIS ACCOUNT, CONTACT YOUR ATTORNEY REGARDING OUR POTENTIAL REMEDIES, AND YOUR DEFENSES, OR CALL (888) 215-8961.

I INTEND TO REPORT THIS ACCOUNT ON YOUR CREDIT HISTORY AFTER (30) THIRTY DAYS OF YOU RECEIVING THIS NOTICE.

TO DISCUSS YOUR PAYMENT OPTIONS CALL 1-888-215-8961. DON'T WANT TO TALK TO A LIVE FCSI CASE WORKER? GO TO WWW.FRANKLINSERVICE.COM TO PAY ONLINE, OR TO CHAT WITH AN ONLINE FCSI REPRESENTATIVE. TO PAY BY PHONE 24 HOURS A DAY YOU MAY CALL 866-319-0760. YOU MAY PAY BY CREDIT OR DEBIT CARD BY COMPLETING THE BACK OF THIS NOTICE. PLEASE HAVE YOUR CHECK OR CREDIT/DEBIT CARD INFORMATION READY

*BE SURE TO INCLUDE YOUR FCSI CASE NUMBER.

THIS COMMUNICATION IS FROM A DEBT COLLECTOR. THIS IS AN ATTEMPT TO COLLECT A DEBT, AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

BUSINESS HOURS: MONDAY - SATURDAY 8AM - 9PM, SUNDAY 1PM - 5PM CST

FRANKLIN COLLECTION SERVICE, INC.

**PLEASE SEE REVERSE SIDE FOR IMPORTANT INFORMATION**

EXHIBIT 1



EXHIBIT 2



| | | |
|---|---|---|
| Page: | 2 of 3 | |
| Issue Date: | Feb 28, 2018 | |
| Account Number: | 146688185 | |

2/3
Feb 28

## Account activity

| | | |
|---|---|---|
| Your last bill | | -$1,271.16 |
| **Payments** | | |
| 1. Credit Card Payment posted | Feb 25 | -$722.34 |
| Total for payments | | -$722.34 |
| **Adjustments** | | |
| 2. Payment Reversal posted | Feb 01 | $1,653.32 |
| 3. Payment Reversal posted | Feb 01 | $340.18 |
| Total for adjustments | | $1,993.50 |
| **Remaining balance** | | **$0.00** |

## Service activity

### Account charges

| | | |
|---|---|---|
| Activity since last bill | Jan 29 - Feb 28 | |
| 1. RESTOCKING FEE<br>702.466.4337 Qty: 1 at $45.00 each<br>Transaction: N043-F-1409383 Product ID: 81088 | Jan 29 | $45.00 |
| 2. Convenience Fee | Feb 26 | $5.00 |
| **Total for Account charges** | | **$50.00** |

### Wireless

| Number | Activity since last bill | Monthly charges | Surcharges & fees | Total |
|---|---|---|---|---|
| Group 1 | - | - | - | - |
| 702.338.3254 | $934.97 | $33.34 | $3.20 | $971.51 |
| Total | $934.97 | $33.34 | $3.20 | $971.51 |

### Group 1
2 Devices

Shared usage summary (Jan 29 - Feb 28)

| Number | User | Data (GB) | Text | Talk |
|---|---|---|---|---|
| 702.338.3254 | MR JAMES FLEXON | 0.00 | 0 | 0 |
| 702.466.4337 | JIM FLEXON | 0.03 | 14 | 469 |

Group 1 continues...

3431.060.680897.01.02.0000000 NNNNNNNY 001203.091995





Page: 3 of 3
Issue Date: Feb 29 2018
Account Number: 146085195

*handwritten note:* Missing Shown Last iPhone X / Returned / AT&T 28*

_Group 1 continued_

| | | | |
|---|---|---|---|
| Total usage | 0.03 | 14 | 469 |
| Included in plan | unlimited | unlimited | unlimited |

Usage is rounded up based on your plan. For more details on your Shared usage summary, visit att.com/myusage.

### 702.338.3254
### MR JAMES FLEXON

**Activity since last bill** — Jan 29 - Feb 29

| | | |
|---|---|---|
| 1. Restoral Fee | Feb 25 | $35.00 |
| 2. APPLE IPHONE X (Balance of Installment Plan) | Feb 25 | $899.97 |

**Monthly charges**

| | |
|---|---|
| 3. APPLE IPHONE X - Installment 3 of 30 | $33.34 |

**Surcharges & fees**

| | |
|---|---|
| 4. Federal Universal Service Charge | $2.41 |
| 5. Local Gross Receipts Surcharge | $0.75 |
| 6. Nevada Universal Service | $0.04 |

**Total for 702.338.3254** — **$971.51**

**Total for Wireless** — **$971.51**

---

**APPLE IPHONE X** — 330000027776695

| | |
|---|---|
| Established on | Nov 29 2017 |
| Amount financed | $999.99 |
| Installment 3 of 30 (Jan 29, 2018) | $33.34 |
| Balance of Installment Plan (Feb 25, 2018) | $899.97 |
| Balance remaining after current installment | $0.00 |

No further installments are due under this Installment plan.

---

## Important information

**Electronic check conversion**
Paying by check authorizes AT&T to use the information from your check to make a one-time electronic fund transfer from your account. Funds may be withdrawn from your account as soon as your payment is received. If we cannot process the transaction electronically, you authorize AT&T to present an image copy of your check for payment. Your original check will be destroyed once processed. If your check is returned unpaid you agree to pay such fees as identified in the terms and conditions of your agreement, up to $30. Returned checks may be presented electronically. If you want to save time and stamps, sign up for AutoPay at att.com/autopay using your checking account. It's easy, secure, and convenient!

**How to read your bill**
See att.com/bill for information on how to read your bill

© 2018 AT&T Intellectual Property. All rights reserved